# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KEEN L.A. SMITH JR., <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF PUBLIC SAFETY, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-00137-RRB |

## ORDER REGARDING DEFICIENT FILING

Keen Smith, Jr., representing himself from Goose Creek Correctional Center, has filed a "Notice of Intent to File Suit/Lein," based upon the "Alaska Statehood Act," the Constitution of the State of Alaska, Article IV § 3," and "Common Law."[1] Mr. Smith apparently intends to file a complaint against "Defendants/Respondents," the "Department of Public Safety, Department of Law, Alaska Court System, Department of Corrections, [and the] Public Defender Agency," for the violation of his constitutional right to a speedy trial.[2] However, no initial pleading has been filed to date. Further, Mr. Smith has not filed his Application to Waive Prepayment of the Filing Fee, nor paid the $402.00 filing fee in this case. His action is, therefore, deficient.

---

[1] Docket 1 at 1.

[2] *Id*.

1.  **Complaint**

To properly commence a civil action in federal district court, a litigant must file a complaint.[3] A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."[4] If Mr. Smith seeks to pursue a federal cause of action, he must file a complaint that conforms to the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Alaska. To assist self-represented prisoners in filing a complaint that complies with applicable court rules, the District of Alaska has prepared a form complaint for this purpose. A copy of the form is included with this order.

However, Mr. Smith is cautioned that state agencies are immune from suit.[5] If he files a suit that is dismissed during the Court's initial screening for failure

---

[3] *See* Rule 3, Federal Rules of Civil Procedure.

[4] Rule 8(a), Federal Rules of Civil Procedure.

[5] *See Northern Ins. Co. of New York v. Chatham County, Ga.,* 547 U.S. 189, 193 (2006) ("States and arms of the State possess immunity from suits authorized by federal law."). In addition, a lawyer paid by public funds to represent a defendant in a criminal case, such as a public defender, is not a "state actor" under federal civil rights law, and is not an appropriate defendant. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 469 (9th Cir.), *cert. denied*, 540 U.S. 814 (2003). And judges have absolutely immunity from liability for their judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 357–58 (1978). Prosecutors are also absolutely immune from liability under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Stump*, 435 U.S. at 357–58 (citation omitted).

Case 3:21-cv-00137-RRB, *Smith v. Dept. of Public Safety, et al.*
Order Regarding Deficient Filing
Page 2 of 5

Case 3:21-cv-00137-RRB   Document 5   Filed 07/15/21   Page 2 of 5

to state a claim or as frivolous or malicious,[6] he will receive a "strike."[7] Under 28 U.S.C. § 1915(g), a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, is prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Further, the Court takes judicial notice[8] that, on July 1, 2021, the Court dismissed Mr. Keen's habeas petition in which he alleged that the state court was violating his right to a speedy trial.[9] The Court concluded that it must abstain from intervening in Mr. Smith's ongoing state court proceedings.[10]

---

[6] 28 U.S.C. § 1915(e)(2)(B) requires a federal court to dismiss a case at any time if the court determines that the action--

    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

[7] 28 U.S.C. § 1915(g).

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[9] *Smith v. Palmer Courthouse, et al.*, 3:21-cv-00131-RRB, Dockets 6, 7.

[10] *Id.*, Docket 6 at 4–7.

The Court must still abstain from Mr. Smith's claim that his right to a speedy trial in his state criminal case is being violated.[11] When bringing a speedy trial claim "[t]he length of delay is the threshold factor."[12] Mr. Smith was arraigned in June 2020,[13] which is not an unreasonable amount of time before trial, especially given the Covid-19 pandemic.[14] In *McNeely v. Blanas*, for example, the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed.[15]

Mr. Smith may, however, continue to bring his arguments in the state courts through his defense attorney, who applied for a bail review hearing, and has filed a motion to dismiss the indictment in that state criminal case.[16]

**2.    Filing Fee**

In addition, Mr. Smith must either pay the filing fee of $402.00 or file an Application to Waive Prepayment of the Filing Fee; otherwise, this case must be dismissed. An Application to Waive Prepayment of the Filing Fee must be fully

---

[11] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[12] *United States v. Myers,* 930 F.3d 1113, 1119 (9th Cir. 2019) (citation omitted).

[13] *See* https://records.courts.alaska.gov/eaccess/searchresults, *Alaska v. Smith*, 3PA-20-01154CR.

[14] *See United States v. Olsen*, 995 F.3d 683, 687 (9th Cir. 2021).

[15] *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003).

[16] *See* https://records.courts.alaska.gov/eaccess/searchresults, 3PA-20-01154CR.

completed and signed, and it must be filed with a certified copy of the prisoner's trust account statement for the six months up to the time he or she files the case.[17] If Mr. Smith does not pay the filing fee or file an application to waive prepayment, his case will be dismissed as a deficient filing.

Therefore, **IT IS HEREBY ORDERED:**

1. On or before **August 16, 2021**, Mr. Smith must file either (1) a Complaint stating an appropriate federal claim for relief, *and* an Application to Waive Prepayment of the Filing Fee; *or* (2) a Notice of Voluntary Dismissal.

2. The Clerk of Court is directed to send Mr. Smith the following with this Order: (1) form PS01, Prisoner's Complaint Under the Civil Rights Act; (2) form PS10, Prisoner's Application to Waive Prepayment of the Filing Fee; (3) form PS09, Notice of Voluntary Dismissal; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

3. If Mr. Smith does not fully comply with this Order, this case will be DISMISSED without further notice to him.

Dated at Anchorage, Alaska, this 15th day of July, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[17] 28 U.S.C. § 1915(a)(2).

Case 3:21-cv-00137-RRB, *Smith v. Dept. of Public Safety, et al.*
Order Regarding Deficient Filing
Page 5 of 5

Case 3:21-cv-00137-RRB   Document 5   Filed 07/15/21   Page 5 of 5